IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **GLENN GRUSKIN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**HEALTH CLUB SYSTEMS CORPORATION,**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Glenn Gruskin ("Plaintiff" or "Gruskin") brings this Class Action Complaint and Demand for Jury Trial against Defendant Health Club Systems Corporation, ("Defendant" or "Health Club Systems Corporation") to stop the Defendant from violating the Florida Telephone Solicitation Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Glenn Gruskin is a resident of Sunrise, Florida.

2. Defendant Health Club Systems Corporation is a corporation based in Sugar Land, TX. Defendant Health Club Systems Corporation conducts business throughout this District.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2)(A). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the FTSA. Further, Plaintiff alleges a Florida class, which will result in at least one Class member from outside of Texas, where the Defendant resides.

4. The venue is proper under 28 U.S.C. § 1391(b) because the Plaintiff received the text messages at issue in this District.

**BACKGROUND**

The Florida Telephone Solicitations Act

5. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

6. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." This includes to a number listed on the National Do Not Call Registry. Fla. Stat. § 501.059(4)

7. It is also a violation of the FTSA to "initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission." Fla. Stat. § 501.059(5)

2

8. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

9. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## COMMON ALLEGATIONS

10. Defendant Health Club Systems Corporation offers software and services for gyms.

11. To promote its services, Defendant Health Club Systems Corporation sends text messages to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the "no solicitation list", soliciting consumers to use Defendant's services.

12. Defendant Health Club Systems Corporation also made or caused to be made unsolicited telephonic sales calls to residential, mobile, and/or telephonic paging device telephone numbers, including the Plaintiff's number, on the National Do Not Call Registry

13. Defendant Health Club Systems Corporation continued to make or caused to be made unsolicited telephonic sales calls to residential, mobile, and/or telephonic paging device telephone numbers, including the Plaintiff's number, after the recipient had asked to no longer receive such messages.

## PLAINTIFF GRUSKIN'S ALLEGATIONS

3

14. Plaintiff Gruskin is the subscriber and the sole user of the phone number ending with 619-xxx-2570.

15. Plaintiff Gruskin registered his phone number on the Do Not Call Registry on March 17, 2022.

16. In February of 2022, the Defendant started sending text messages to the Plaintiff, including the below:



17. As seen above, the Plaintiff informed the Defendant that he did not want to receive text messages.

18. Nonetheless, the Defendant continued to send them, including at least on February 25, March 7, 12, 28, April 14, May 3, May 19 and June 7, 2022.

19. Indeed, in the February 25, 2022 text, the Plaintiff again asked the Defendant to stop and informed him that he would contact a lawyer:



20. As described above, the text messages continued.

21. The content of the text messages were all generally similar to the first one, and some images of them are below:

5









9





22.     The unauthorized telephonic sales text messages that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware and the consumption of memory on the phone.

23.     Seeking redress for these injuries, Plaintiff Gruskin, on behalf of himself and Classes of similarly situated individuals, bring suit under the FTSA.

11

## CLASS ALLEGATIONS

24. Plaintiff Gruskin seeks certification of the following Classes:

**DNC Class:** All persons in Florida, (1) whose telephone numbers appear on the then-current "no sales solicitation calls" list, and (2) who received unwanted telephonic sales call from or on behalf of the Defendant (3) since July 1, 2021.

**Stop Class:** All persons in Florida, who (1) received a telephonic sales call from or on behalf of the Defendant, (2) despite previously asking to no longer receive such solicitation calls (3) since July 1, 2021.

**Autodial Class:** All persons in Florida, who, (1) received a telephonic sales call from Defendant, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

25. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Gruskin anticipates the need to amend the Class definitions following appropriate discovery.

26. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the FTSA; and

    (b)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

28.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Classes.

29.    **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Gruskin. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
Violation of the Florida Telephone Solicitation Act,
(Fla. Stat. § 501.059)
(On Behalf of Plaintiff Gruskin and the DNC Class)

30. Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint and incorporates them by reference herein.

31. Plaintiff brings this claim individually and on behalf of the DNC Class Members against the Defendant.

32. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." This includes to a number listed on the National Do Not Call Registry. Fla. Stat. § 501.059(4)

33. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

34. In violation of the FTSA, Defendant made and/or cased to be made unsolicited telephone sales calls to Plaintiff, and other members of the DNC Class despite their telephone numbers appearing on the quarterly listing published by the department.

35. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**SECOND CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Gruskin and the Stop Class)**

36. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the Stop Class Members against the Defendant.

38. It is also a violation of the FTSA to "initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission." Fla. Stat. § 501.059(5)

39. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

40. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members like the Plaintiff who had previously asked to no longer receive such messages.

41. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Classes are also entitled to an injunction against future calls. *Id.*

**THIRD CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Gruskin and the Autodial Class)**

42. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

44. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

45. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

46. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

47. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

48. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

16

49.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gruskin requests a jury trial.

DATED this 28th day of June, 2022. PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.

17

237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881